# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **10-01908-dd**

## GENERIC ORDER RE:

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**03/30/2010**



Entered: 03/30/2010

US Bankruptcy Court Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Gyro-Trac (USA), Inc.,<br><br>Debtor(s). | C/A No. 10-01908-DD<br><br>Chapter 11<br><br>**ORDER DENYING EMERGENCY USE OF CASH COLLATERAL** |

THIS MATTER is before the Court upon (1) an Application to Pay Creditors, (2) a Motion for Continuation of Utility Service, and (3) a Motion to Use Cash Collateral (collectively "Motions") filed by Gyro-Trac (USA), Inc. ("Debtor"). Objections to Debtor's Motions were filed by Bank of Montreal ("BOM") and Branch Banking and Trust Company ("BB&T"). A hearing was held and the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014.

*FINDINGS OF FACT*

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on March 17, 2010. Debtor's business involves manufacturing, sales and servicing of heavy equipment, used in the clearing of land and mulching of timber. Daniel Gaudreault, president of the Debtor, developed some of the technology employed in the Debtor's business. Debtor's principle place of business is Summerville, South Carolina. At some point prior to the filing of this case, Debtor ceased it manufacturing operation but continues to sell and service forestry equipment. At the time of the hearing, Debtor employs approximately fifteen (15) individuals.

On or about March 22, 2007, the Debtor entered into a financing agreement with BB&T, pursuant to which BB&T agreed to finance the purchase of inventory. The

1

Case 10-01908-dd    Doc 55    Filed 03/30/10    Entered 03/30/10 16:36:11    Desc Main
Document    Page 3 of 5

security agreement between Debtor and BB&T provides for security in all the Debtor's new land clearing equipment and vehicles, accounts, and proceeds of the inventory.

On or about October 6, 2006, Debtor guaranteed a debt owed to BOM by a related Canadian corporation known as Gyro Trac West Coast, Inc. Gyro Trac West Coast is in default of its obligation to BMO. Gyro Trac West Coast is a California corporation. One hundred (100%) percent of the outstanding stock of Gyro Trac West Coast is owned by Gyro-Trac, Inc. ("GTI"), a Canadian corporation. GTI also owns one hundred (100%) percent of the outstanding stock of the Debtor.[1] All three companies, as well as a recently formed company Gyro-Trac International, Inc. ("GTII"), are owned by or controlled by Daniel Gaudreault. BOM holds a lien on all of the personal property of the Debtor of every kind and nature, including all accounts, equipment, accessions, fixtures, and inventory. BOM acknowledges that its lien on all new inventory of the Debtor is subject only to the security interest of BB&T.

The value of Debtor's assets is unclear. The Debtor has new equipment on hand which is not selling, or is selling at a deeply discounted price. Debtor holds some used equipment. The Debtor has cash in its accounts which are proceeds from the sale of parts inventory and used forestry equipment. There is a parts inventory for the manufacturing process which was purchased for $1,300,000, the current value of this inventory is unknown because the Debtor is not currently manufacturing new forestry equipment.

The Debtor anticipates sales of new machines in order to generate additional cash. Debtor's budget currently reflects income from the contingent sale of new forestry equipment. During the period for which the emergency use of cash collateral is

---

[1] Gyro-Trac West Coast and GTI are also debtors in chapter 11 proceedings currently before this Court, case numbers 10-1909-dd and 10-01910-dd respectively.

requested, Debtor proposes to pay a salary to insiders including Daniel Gaudreault and his spouse Patricia Tremblay. Debtor's budget also includes payments to GTII in exchange for new inventory that is to be purchased by GTII for the benefit of the Debtor, prior to a final hearing on the use of cash collateral. Debtor's budget also calls for a payment of rent to Tremblay and Sons, a company owned by insiders of the Debtor.

At the hearing Debtor was unable to provide an exact amount of cash necessary to cover its expenses until a final hearing on cash collateral could be held.

### *CONCLUSIONS OF LAW*

The Bankruptcy Code provides that a preliminary hearing on the use of cash collateral is to be held on the request of the Debtor. 11 U.S.C. § 363(c)(3). The temporary use of cash collateral should be authorized by the Court if there is a reasonable likelihood that the debtor will prevail at the final hearing on the use of cash collateral. *Id.* During the initial stages of a bankruptcy, the use of cash collateral should be limited to emergency matters. *See Bankwest N.A. v. Todd*, 49 B.R. 633, 635 (D.C.S.D. 1985)(holding that by keeping debtors on a shorter tether, the risks associated with the use of cash collateral are reduced because the amount of money at stake is reduced).

In determining whether to allow the use of cash collateral, there is a presumption in favor of reorganization. *See In re Greenwood Bldg. Supply, Inc.*, 23 B.R. 720 (Bankr. W.D. Mo. 1982)(finding there is a presumption in favor of chapter 11 reorganization, but if it is obvious that a debtor cannot reorganize or that it has wasted assets, the court should reach a different conclusion). It is a debtor's burden of proof to show that its creditor's interest will be adequately protected while cash collateral is used. A debtor must carry that burden by a preponderance of the evidence. *But see, In re Glasstream*

*Boats, Inc.*, 110 B.R. 611, 613 (Bankr. M.D. Ga. 1990). Adequate protection can take many forms. *See In re JKJ Chevrolet, Inc.*, 190 B.R. 542, 545 (Bankr. E.D. Va. 1995)(*citing In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987)(finding that adequate protection is a concept which is to be decided flexibly on a case-by-case basis)).

Adequate protection may be provided by requiring a debtor to make a cash payments to the extent of a decrease in the value of collateral, the debtor may provide for an additional or replacement lien to the extent of a decrease in value, or the granting of such other relief that is an equivalent of the interest in property. 11 U.S.C. § 361.

In this case Debtor is only able to offer a promise that if the business continues, the $1,300,000 in parts inventory purchased for manufacturing new forestry equipment will not lose its value. While there is a presumption in favor of reorganization in chapter 11 cases, the efforts to reorganize depend in significant part on a manufacturing facility that is under the protection of Canadian bankruptcy authorities. Additional funding will be necessary to bring manufacturing outside the jurisdiction of the Canadian authority and to resume the manufacturing process. In this case there is not a sufficient foundation to order the interim use of cash collateral on a provisional basis. It is apparent that without the rejection of certain executor contracts, Debtor's only ongoing business is the servicing of forestry equipment.

IT IS THEREFORE ORDERED that Debtor's Motions are DENIED.

**AND IT IS SO ORDERED.**