# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Gyro Trac (USA), Inc.,<br><br>Debtor. | Case No. 10-01908-dd<br>Chapter 11 |

## DEBTOR'S APPLICATION TO APPOINT LETOURNEAU GAGNE s.e.n.c.r.l. NUNC PRO TUNC AS COUNSEL PURSUANT TO 11 U.S.C. §327(a)

### TO THE HONORABLE U.S. BANKRUPTCY JUDGE DAVID DUNCAN:

Gyro Trac (USA), Inc. ("Debtor") hereby applies to this Court for entry of an order approving the retention of the law firm of Letourneau Gagne s.e.n.c.r.l. (the "Firm"), effective *nunc pro tunc* as of March 17, 2010, as Counsel for the Debtor during this Chapter 11 case in accordance with Firm's normal hourly rates and expense reimbursement policies (the "Application"). In support of the Application, the Debtor respectfully represents as follows:

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. §157(b)(1). Venue of these proceedings and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(a) and 105(a) of the Bankruptcy Code.

2. On or about March 17, 2010, (the "Petition Date"), the Debtor filed its Voluntary Chapter 11 Petition in this Court under Case No. 10-01908.

3. The Debtor is operating its business and managing its assets as a debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. The Debtor is in the business of

manufacture, sale and service of forestry equipment.

4. The Debtor has selected Firm as its counsel because the Firm has experience and knowledge in the field of debtors' and creditors' rights in Canada in addition to expertise, experience, and knowledge practicing before the Courts of Quebec, Canada. Prior to the filing of this case, Firm has become familiar with the Debtors' factual background and the legal issues relating to this matter. Accordingly, the Debtor believes that the Firm is both well-qualified and uniquely able to represent it in this matter. If the Debtor was required to retain counsel other than Firm in connection with the Canadian representation, the Debtor, its estate, and all parties in interest would be unduly prejudiced by the time and expense required for such counsel to become familiar with the legal and factual issues regarding the Debtor.

5. As set forth in the Affidavit of Antoine Motulsky-Falardeau (the "Affidavit"), a member of Firm, Firm discloses the following: The Firm has represented Gyro Trac (USA), Inc. since January 22th, 2010, in connection with an action brought by the Bank of Montreal before the Quebec Superior Court, number 200-17-012257-093.

6. Since March 10, 2010, the Firm has worked for and represented Gyro-Trac Inc., Gyro-Trac (USA) Inc., Gyro-Trac West Coast Inc. and Gyro-Trac International Inc. (the "Gyro-Trac Group"), in connection with bankruptcy proceedings filed by the Bank of Montreal before the Quebec Superior court, number 200-11- 019105-108 and 200-11-019106-106 and with Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 ("CCAA") recognition proceedings of the Chapter 11 cases number 10-01908, 10-01909 and 10-01910 before the Quebec Superior Court, number 200-11-019131-104.

7. Despite the foregoing connections, the Debtor believes that the Firm does not hold

or represent an interest adverse to the Debtor's estate. The Debtor believes that the Firm is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

8. Except as disclosed herein above and in the Affidavit, the Debtor believes the Firm has no connection with any creditors or other parties in interest, their respective attorneys and accountants, the U. S. Trustee, or any person employed in the office of the U. S. Trustee which should disqualify it from representing the Debtor. If any further connections are discovered, the Firm will further disclose any such further connections as they are discovered. At the present time, the Debtor has filed schedules in this matter, and in preparing this Application, the Firm reviewed the schedules and reviewed the interested parties listed therein.

9. The professional services that the Firm will render to the Debtor may include, but shall not be limited to, the following:

    a. Advising the Debtor of its rights, powers and duties in Canada;

    b. Attending meetings with the Debtor and hearings before the Court in Canada;

    c. Assisting other professionals retained by the Debtor in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation in Canada;

    d. Investigating the validity, extent, and priority of secured claims against the Debtor's estate in Canada, and investigating the acts and conduct of such secured creditors to determine whether any causes of action may exist in Canada;

    e. Advising the Debtor with regard to the preparation and filing of all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents in Canada, and reviewing all financial and other reports to be filed in these matters;

f.      Advising the Debtor with regard to the preparation and filing of responses to applications, motions, pleadings, notices and other papers that may be filed and served in its *CCAA* proceedings on behalf of the Debtor; and,

g.      Performing other necessary legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of its CCAA proceedings;

10.     The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Local Rules, Orders of this Court, and the Office of the United States Trustee Guidelines, on an hourly basis plus reimbursement for actual, necessary expenses and other charges that the Firm incurs. The Firm will charge its normal and customary hourly rates consistent with the rates Firm charges in bankruptcy and non-bankruptcy matters of this type.

11.     Currently, the Firm members and associates bill as follows: Serge Letourneau CDN$250, Suzanne Gagne CDN$ 180, Antoine Motulsky CDN$140 per hour. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegal and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters of this type.

12.     Since January 22th, 2010, the Firm provided services to the Debtor and the other companies of the Gyro-Trac Group and received retainers from Daniel Gaudreault and Gyro Trac International, Inc. aggregating CDN$19,500.00. The retained was drawn down on March 17, 2010, on April 7, 2010, and on April 14, 2010, for the services described in paragraph 5 of

this Application. The remaining retainer amount being currently held by the Firm is CDN$1,404.20.

13. The Firm has stated its desire and willingness to act in this case and render the necessary professional services as counsel for the Debtor. To the best of the Debtor's knowledge, the members and associates of the Firm do not have any connection with or any interest adverse to the Debtor or any other party in interest, or their respective attorneys and accountants, except as may be set forth hereinabove and in the Antoine Motulsky-Falardeau Affidavit.

14. The applicant seek appointment of the Firm on a *nunc pro tunc* basis. The Applicant believes that the approval *nunc pro tunc* is appropriate pursuant to *In re TJN, Inc.*, 194 B.R. 396 (Bkrtcy.D.S.C.1996).

a. The debtor expressly contracted with the professional person to perform the services which were thereafter rendered;

b. The debtor approves the entry of the **nunc pro tunc** order;

c. The applicant will provide notice of the application to creditors and parties in interest and will provide an opportunity for filing objections;

d. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

e. The work was performed properly, efficiently, and to a high standard of quality;

f. No actual or potential prejudice will inure to the estate or other parties in interest because a non-debtor provided payment for such services;

g. The applicant's failure to seek pre-employment approval is explained by the fact that

the retainer was paid by a non-debtor, and Canadian counsel was generally unfamiliar with fee application practice in the United States and is representing the Debtor only in Canadian proceedings;

h.   The applicant exhibits no patter of inattention or negligence in soliciting judicial approval for the employment of professionals as this is the first time the Firm has been authorized to represent a Debtor in United States bankruptcy proceedings.

15.   The Debtor understands that the Firm hereafter intends to apply for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of South Carolina, and as otherwise allowed by order of this Court for all services performed and expenses incurred after the Petition Date.

16.   Pursuant to section 327(a) of the Bankruptcy Code, the Debtor-in-Possession, with the court's approval, may employ one or more attorneys or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent and assist the Debtor in carrying out the Debtor's duties. The Debtor submits that the most reasonable terms and conditions are those charged by the Firm to its clients on a daily basis in a competitive market for legal services. Therefore, the Debtor and the Firm have agreed that the Firm shall be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth herein and in the Antoine Motulsky-Falardeau Affidavit, and shall be reimbursed according to the Firm's customary reimbursement policies.

17.   The Debtor believes that it is necessary and in the best interest of the Debtor and its estate to retain and employ the Firm to render the above-described professional services on its behalf.

18. The Debtor and Firm realize that the terms of the employment of Firm are subject to the approval of the Court.

**WHEREFORE,** the Debtor requests that the Court approve the retention of **LETOURNEAU GAGNE s.e.n.c.r.l.** under the terms specified herein as counsel for the Debtor in this matter, with compensation and reimbursement to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to sections 330, 331 and 507(a), and further request that the Court grant the Debtor such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** on this the 27th day of May 2010, at Charleston, South Carolina.

/s/Daniel Gaudreault
Gyro Trac (USA), Inc.
Chapter 11 Debtor
By: Daniel Gaudreault
Its: President

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | Case No. 10-01908 |
|---|---|
| Gyro Trac (USA), Inc., | Chapter 11 |
| Debtor. | AFFIDAVIT OF ANTOINE MOTULSKY-FALARDEAU |

ANTOINE MOTULSKY-FALARDEAU, being duly sworn, deposes and says:

1. I am an attorney at law in good standing and duly admitted to practice law in the Province of Quebec in Canada. I am an associate of Létourneau Gagné s.e.n.c.r.l. (the "Firm"), which Firm is located at 116, rue St-Pierre, bureau 111, Quebec City, in the Province of Quebec, G1K 4A7, Canada.

2. I submit this Affidavit in connection with the Application of Gyro Trac (USA), Inc. (the "Debtor") for entry of an order authorizing the employment and retention of the Firm, at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, as Canadian counsel for the Debtor (the "Application") effective as of the Petition Date.

4. Except as set forth herein, to the best of my knowledge, after due inquiry, neither I nor any other partner or associate of the Firm represent any party in interest other than the Debtor in its Canadian proceedings to have its Chapter 11 case recognized under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 ("*CCAA*").

5. The Firm discloses as follows: The Firm has represented Gyro Trac (USA) Inc.

Page 1 of 5

since January $22^{th}$, 2010, in connection with an action brought by the Bank of Montreal before the Quebec Superior court, number 200-17-012257-093. Since March 10th, 2010, the Firm has worked for and represented Gyro-Trac Inc., Gyro-Trac (USA) Inc., Gyro-Trac West Coast Inc. and Gyro-Trac International Inc. (the "Gyro-Trac Group"), in connection with bankruptcy proceedings filed by the Bank of Montreal before the Quebec Superior court, number 200-11-019105-108 and 200-11-019106-106 and with *CCAA* recognition proceedings of the Chapter 11 cases number 10-01908, 10-01909 and 10-01910 before the Quebec Superior court, number 200-11-019131-104. All of these matters are accounted for in a single account in the Firm's books under file number 2373-01.

7.  Despite the connections between the companies of the Gyro-Trac Group, I believe that the Firm does not hold or represent an interest adverse to the Debtor or the estate of the Debtor except as stated herein and that the Firm is a disinterested person. The Firm and its attorneys:

   a. are not creditors, equity security holders, or insiders of the Debtor.

   b. are not and were not ever directors, officers, or employees of the Debtor;

   c. do not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of a direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

   d. have not represented any other party in interest in connection with any matters relating to the Debtor.

8.  Except as disclosed herein above, I believe the Firm has no connection with the Debtors, creditors or other parties in interest, their respective attorneys and accountants, the U. S.

Page 2 of 5

Trustee, or any person employed in the office of the U. S. Trustee which should disqualify it from representing the Debtor.

9. Before preparing this Affidavit, I reviewed the names of the clients, past and present, of the Firm. After completing this procedure, I determined that the Firm has no connections with the Debtor or its creditors except as set forth herein.

10. The professional services that the Firm proposes to undertake for the Debtor may include, but shall not be limited to, the following:

    a. Advising the Debtor of its rights, powers and duties in Canada;

    b. Attending meetings with the Debtor and hearings before the Court in Canada;

    c. Assisting other professionals retained by the Debtor in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation in Canada;

    d. Investigating the validity, extent, and priority of secured claims against the Debtor's estate in Canada, and investigating the acts and conduct of such secured creditors to determine whether any causes of action may exist in Canada;

    e. Advising the Debtor with regard to the preparation and filing of all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents in Canada, and reviewing all financial and other reports to be filed in these matters;

    f. Advising the Debtor with regard to the preparation and filing of responses to applications, motions, pleadings, notices and other papers that may be filed and

served in its *CCAA* proceedings on behalf of the Debtor; and,

g. Performing other necessary legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of its *CCAA* proceedings;

11. The Firm intends to apply for compensation for professional services rendered in connection with the *CCAA* recognition proceedings of the Chapter 11 cases number 10-01908, 10-01909 and 10-01910, on an hourly basis plus reimbursement for actual, necessary expenses and other charges at Firm's normal and customary reimbursement rate. The Firm will charge its normal and customary hourly rates consistent with the rates Firm charges in bankruptcy and non-bankruptcy matters of this type.

12. Currently, Antoine Motulsky bills CDN$140 per hour, Suzanne Gagné bills CDN$180 per hour and Serge Létourneau bills CDN$250 per hour. The Firm employs other attorneys that have worked and may work on this file. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters of this type.

13. Since January 22th, 2010, the Firm provided services to the Debtor and the other companies of the Gyro-Trac Group and received retainers aggregating CDN$19,500.00. The retained was drawn down on March 17th, 2010, on April 7th, 2010, and on April 14th, 2010, for the services described in paragraph 5 of this affidavit. The remaining retainer amount being currently held by the Firm is CDN$1,404.20. The unpaid services rendered by the Firm for the services described in paragraph 5 of this affidavit amount to CDN$863.94 for the work billed

before April 14th, 2010, plus an unbilled invoice of CDN$12,427.51 for the work done from April 6th, 2010, to May 14th, 2010, and disbursement fees. Firm will seek approval from the Bankruptcy Court as instructed by Robert E. Culver, esq., to draw on the retainer currently held by the Firm.

14.     No promises have been received by Firm or any member or attorney thereof as to payment or compensation in connection with the services described in paragraph 5 of this affidavit other than in accordance with the provisions of *An Act Respecting the Barreau du Québec*, R.S.Q., chapter B-1, and the regulations promulgated under its authority. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm or such other entity.

15.     Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon the Firm's completion of further review or as additional information becomes available to it, a supplemental Affidavit will be submitted to the Court reflecting such amended or modified information.

Mtre Antoine Motulsky-Falardeau
Létourneau Gagné s.e.n.c.r.l.
116, rue St-Pierre, bureau 111
Québec (QC), G1K 4A7
CANADA

SWORN AND SUBSCRIBED before me on
this the 21th day of May, 2010.

_____
COMMISSIONER FOR OATHS

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Gyro Trac (USA), Inc.,<br><br>Debtor. | Case No. 10-01908<br>Chapter 11 |

## CERTIFICATE OF SERVICE

I, Linda A. Emanuele, of The Culver Firm, P.C., Counsel for Debtor in the above-captioned matter, do hereby certify that I have on the 27th day of May 2010, mailed, postage prepaid a true and correct copy of the foregoing **AFFIDAVIT OF ANTOINE MOTULSKY-FALARDEAU, DEBTOR'S APPLICATION TO APPOINT LETOURNEAU GAGNE s.e.n.c.r.l. NUNC PRO TUNC AS COUNSEL PURSUANT TO 11 U.S.C. §327(a)** and *a [proposed]* **ORDER AUTHORIZING APPOINTMENT OF LETOURNEAU GAGNE s.e.n.c.r.l.** *NUNC PRO TUNC* **AS COUNSEL** to those identified on Exhibit attached herewith:

/s/ Linda A. Emanuele
Paralegal to
Robert E. Culver, Esq.

Dina G. Boorda
Robinson McFadden & Moore PC
PO Box 944
Columbia, SC 29202

**Cynthia Jordan Lowery**
**Moore & Van Allen PLLC**
**40 Calhoun Street, Suite 300**
**Post Office Box 22828**
**Charleston, SC 29413-2828**

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, South Carolina 29201

Bank of Montreal
c/o Tara Naufel
Haynsworth Sinkler Boyd, P.A.
Post Office Box 11889
Columbia, South Carolina 29211-1889

**Vermeer Corporation**
c/o Frank B. B. Knowlton
Nelson Mullins Riley & Scarborough LLP
P. O. Box 11070
Columbia, SC 29211

IKON Financial Services
Post Office box 13708
Mason, Georgia   31208-3708

**Vermeer Corporation**
**c/o Frank B. B. Knowlton**
**Nelson Mullins Riley & Scarborough LLP**
**P. O. Box 11070**
**Columbia, SC 29211**

BB&T, c/o R. William Metzger, Jr.
Robinson, McFadden & Moore, P.C.
Post Office Box 944
Columbia, SC 29202

John T. Stack
US Trustee's Office
1835 Assembly Street, Suite 953
Columbia, South Carolina 29201

PricewaterhouseCoopers, Inc.
c/o Tara Naufel
Haynsworth Sinkler Boyd, P.A.
Post Office Box 11889
Columbia, South Carolina  29211-1889

Andre Champagne
Raymond Chabot, Inc.
140, Grande Alle Est. bur.200
Quebec   Canada G1R5P7

RDO-Vermeer LLC
Attention of Skip Klinkhammer
700 South 7th Street
Fargo, North Dakota  58103

EXHIBIT A